IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED

JUL 08 2026

CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SUPERSEDING INDICTMENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| PHILIP G. RANDAZZO, | ) | CASE NO. 3:24CR00237 |
| | ) | Title 18, United States Code, |
| Defendant. | ) | Sections 1343, 1344(a), 1957, |
| | ) | and 2 |

GENERAL ALLEGATIONS

At all times relevant to this superseding indictment:

1. Defendant PHILIP G. RANDAZZO was the operations manager of Pike Plastics Recycling, LLC ("PPR"), an Ohio limited liability company operating a recycling facility in Waverly, Ohio. As operations manager, RANDAZZO controlled funds entrusted to him by PPR's owners to be used for the benefit of PPR. PPR terminated RANDAZZO on May 24, 2021.

2. PPR's owners managed the company's affairs from their offices in Toledo, Ohio, which is in the Northern District of Ohio, Western Division.

3. PPR's business consisted of purchasing plastic waste material and converting it to recycled plastic material that could then be sold to manufacturers for use in making various plastic goods, such as storage containers.

4. Pike Polymers, LLC was a Delaware limited liability company formed in April 2019 and owned by RANDAZZO.

5. Recycle Discounters, LLC ("RD California") was a California limited liability company formed in September 2020 and owned by RANDAZZO.

ORIGINAL

6.     Recycle Discounters, LLC ("RD Florida") was a Florida limited liability company formed in April 2021 and owned by J.M., an acquaintance of RANDAZZO.

7.     CrossCountry Mortgage, LLC was a "mortgage lending business" as defined in 18 U.S.C. § 27 and was thus also a "financial institution" as defined in 18 U.S.C. § 20(10).

## COUNT 1
### (Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

8.     The factual allegations of paragraphs 1 through 7 of this superseding indictment are incorporated herein by reference.

9.     From in or around January 2020 to in or around April 2026, Defendant PHILIP G. RANDAZZO, in the Northern District of Ohio, Western Division and elsewhere, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures.

10.    RANDAZZO devised the scheme in order to defraud PPR's owners by embezzling money belonging to PPR and using the funds for his personal benefit.  Those personal uses included creating the fraudulent appearance that his businesses, RD California and Pike Polymers, were legitimate, profitable businesses.  RANDAZZO would later rely on their false legitimacy to obtain a mortgage loan for a $3.3 million home near Santa Ana, California. RANDAZZO also used some of the embezzled funds to purchase the Santa Ana home.

11.    RANDAZZO executed the scheme by means of false and fraudulent pretenses, representations, and promises, including the following:

2

## False and Fraudulent Invoices for Plastic Waste Material

12. PPR purchased plastic waste material from various sources. PPR would then recycle that plastic waste material into a uniform raw product that it could sell to manufacturers. The cost of the plastic waste material was thus a significant expense for PPR.

13. As operations manager, RANDAZZO was in charge of purchasing plastic waste material for PPR's use. RANDAZZO had a long career in the plastic recycling industry and was thus familiar with the market for plastic waste material.

14. RANDAZZO would identify plastic waste material at a favorable price for purchase by PPR. But instead of having PPR purchase that material directly from the seller, RANDAZZO would instead have PPR purchase the material through a sham transaction enabling him to embezzle money from PPR.

15. Having secured a favorable price from the actual seller of the plastic waste material, RANDAZZO would prepare a fraudulent invoice showing that "Recycle Discounters," purportedly RD Florida, was the actual seller of the plastic waste material to PPR. The "Recycle Discounters" invoice, however, charged PPR a price higher than the one RANDAZZO in fact secured for the plastic waste material. RANDAZZO would then pay the inflated "Recycle Discounters" invoice by wiring PPR funds to a bank account he controlled in the name of RD California, not RD Florida. Instead of paying the lower price to the actual seller, PPR paid the higher price to RANDAZZO.

16. Despite being PPR's operations manager and using the false pretense of being a loyal PPR officer, RANDAZZO never disclosed the true nature of these purchases to PPR's owners. By doing so, he deprived PPR of the valuable opportunity to purchase plastic waste material at a more favorable price, helped create the illusion that his companies, RD California and Pike Polymers, were profitable businesses, and enabled his embezzlement of money from PPR.

3

<u>Fictitious Invoices</u>

17.     In addition, RANDAZZO generated and submitted false invoices from "Recycle Discounters" to PPR for the non-existent sale of plastic waste material.  Instead of defrauding PPR's owners through a price mark-up, RANDAZZO defrauded the owners by having PPR pay for a completely fictitious delivery of plastic waste material.

<u>Embezzled Sales of PPR Material</u>

18.     RANDAZZO also sold various plastic materials belonging to PPR as if the materials belonged to RD California.  Once RANDAZZO sold PPR's plastic materials, he would invoice the customer as if the sale was made by RD California. The customer would then pay the invoice by sending funds to RD California, not PPR, thus depriving PPR of the sales revenue. Again, RANDAZZO never disclosed the nature of these transactions to PPR's owners.

<u>Fraudulent Statements Concerning PPR Finances</u>

19.     As operations manager, RANDAZZO frequently communicated with PPR's owners in Toledo, Ohio concerning the operations and financial health of PPR.

20.     When RANDAZZO became the operations manager, PPR struggled to meet its expenses in pursuit of profitability.  RANDAZZO thus frequently asked PPR's owners for additional funds to operate PPR.

21.     In claiming PPR needed more funds for operations, however, RANDAZZO never disclosed that a source of PPR's challenges were rooted in RANDAZZO's self-dealing and embezzlement of PPR's funds.  As a result, PPR's owners continued pumping money into PPR's bank accounts, which RANDAZZO controlled.

Inflating Expense Reports

22.     RANDAZZO further embezzled money from PPR by inflating reimbursement requests for expenses he paid personally.

23.     For example, on October 1, 2020, RANDAZZO requested reimbursement of $3,347.72 charged to his spouse's credit card.  Of this amount, RANDAZZO inflated the request by approximately $1,861.00.

24.     In another example, on October 15, 2020, RANDAZZO requested reimbursement of $3,167.85.  Of this amount, RANDAZZO inflated the reimbursement request by approximately $1,830.00.

False Statements and Pretenses Concealing the Scheme to Defraud

25.     In approximately March 2021, PPR's owners began questioning RANDAZZO's conduct as PPR's operations manager. To conceal the scheme to defraud, RANDAZZO sent e-mails to PPR's owners providing false and misleading explanations for his conduct.  For example, on March 27, 2021, RANDAZZO e-mailed PPR's owners that "Recycle Discounters . . . is [J.M.'s] company" and "[neither PPR] nor I have any invested [sic] interest in this company."

26.     RANDAZZO again relied on the false legitimacy of the "Recycle Discounters, LLC" name when he filed a deed of trust on the Santa Ana home, reflecting a purported debt owed by RANDAZZO to "Recycle Discounters, LLC" of $750,000. When RANDAZZO sold the Santa Ana home on October 3, 2025, $944,309.64 from the sales proceeds was wired to an account in the name of "Recycle Discounters LLC" at Bank of America. RANDAZZO was the only signer on the account.  He then disbursed the funds to numerous other accounts he controlled. He also used the proceeds to purchase a home in Long Beach, California. These actions concealed the extent and

nature of the scheme, and ensured the scheme's success by allowing RANDAZZO to retain and use the scheme's proceeds for his personal benefit at least until April 2026.

### Use of Interstate Wires

27. RANDAZZO further executed the scheme through interstate wire communications, including e-mail communications and wire funds transfers originating in the Northern District of Ohio, Western Division, and sent to or through another state, including the following:

| Date | Description of wire communication |
|---|---|
| September 30, 2020 | E-mail from RANDAZZO to PPR's owners asking for additional money to fund PPR operations |
| October 2, 2020 | Wire transfer from Premier Bank account x4387 to Huntington Bank account x9419 for $137,000 to fund PPR operations |
| January 29, 2021 | E-mail from RANDAZZO to PPR owners asking for additional money to fund PPR's operations |
| February 1, 2021 | Wire transfer from Premier Bank account x1137 to Huntington Bank account x9451 for $100,000 to fund PPR's operations |
| February 3, 2021 | E-mail from RANDAZZO's bookkeeper to PPR's owners asking for $200,000 to use in operating PPR |
| February 3, 2021 | Wire transfer from Premier Bank x1137 to Huntington Bank x9451 for $200,000 to fund PPR's operations |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 2
(Bank Fraud, 18 U.S.C. § 1344(a))

The Grand Jury further charges:

28. The factual allegations of paragraphs 1 through 7 of this superseding indictment are incorporated herein by reference.

29. From in or around May 2021 until in or around August 2021, in the Northern District of Ohio, Western Division and elsewhere, Defendant PHILIP G. RANDAZZO knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution.

30.     Using in part funds embezzled from PPR, RANDAZZO purchased a home for approximately $3.3 million located near Santa Ana, California. RANDAZZO sought a $2.64 million mortgage from CrossCountry Mortgage to cover most of the purchase price.

31.     On or about May 19, 2021, RANDAZZO submitted an on-line mortgage application to CrossCountry Mortgage for the Santa Ana home. RANDAZZO claimed a monthly income of $44,613.00 earned from Pike Polymers as if Pike Polymers was a legitimate business with its own revenue and assets. RANDAZZO failed to disclose that Pike Polymers was funded by money from PPR. RANDAZZO also failed to disclose that his actual salary came from PPR and was only $12,000.00 per month.

32.     RANDAZZO also relied on his ownership of RD California to establish his creditworthiness for the mortgage. RANDAZZO, however, again failed to disclose that most, if not all, of RD California's revenue was the result of money he embezzled from PPR.

33.     RANDAZZO also failed to disclose that on May 31, 2019, he signed a stipulated settlement in *Allen E. Wolf, et al. v. Custom Recycling, LLC, et al.*, No 30-2019-01047575 (Cal. Super. Ct. 2019), obligating him personally to pay at least $530,000.00 to the plaintiffs in that lawsuit.

34.     On May 24, 2021, PPR's owners terminated RANDAZZO as PPR's operations manager. RANDAZZO never subsequently disclosed to CrossCountry Mortgage that he had been terminated from PPR.

35.     On May 27, 2021, RANDAZZO sent a letter to CrossCountry Mortgage entitled "Business Narrative." In the letter, RANDAZZO claimed that "Pike Polymers does consulting for a company in Ohio, Pike Plastics Recycling" and the "consulting fee is ranging between $3,000 [each] week to $5,000 [each] week." RANDAZZO further wrote "Pike Plastics is also a customer

7

that Pike Polymers sells plastic to on a weekly basis." RANDAZZO again failed to disclose that he had been terminated by PPR on May 24, 2021, three days before writing the letter.

36. On August 2, 2021, RANDAZZO submitted another mortgage application to CrossCounty Mortgage for the same Santa Ana home, again seeking a $2.64 million mortgage loan. RANDAZZO claimed a monthly income of $44,011.00 from Pike Polymers. RANDAZZO again failed to disclose that any income from Pike Polymers would have been funded by PPR and that he had been terminated from PPR months before.

37. CrossCountry Mortgage made the mortgage loan to RANDAZZO on or about August 2, 2021 in the amount of approximately $2.64 million.

All in violation of Title 18, United States Code, Sections 1344(a).

## COUNTS 3–15
(Money Laundering, 18 U.S.C. § 1957)

The Grand Jury further charges:

38. The factual allegations of paragraphs 1 through 7 and 10 through 27 of this superseding indictment are incorporated herein by reference.

39. On or about the dates listed below, in the Northern District of Ohio, Western Division and elsewhere, Defendant PHILLIP G. RANDAZO engaged in and attempted to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, withdrawals, deposits, purchases, and wire transfers of funds, such property having been derived from specified unlawful activity, to wit:

8

| Count | Date | Amount | Description of monetary transaction | Specified Unlawful Activity |
|---|---|---|---|---|
| 3 | October 9, 2020 | $33,000 | Wire transfer of funds from U.S. Bank account x2541 to Escrow Experts, Inc. for purchase of Santa Ana, California home | Wire Fraud 18 U.S.C. § 1344 |
| 4 | November 6, 2020 | $33,000 | Wire transfer of funds from U.S. Bank account x5368 to Escrow Experts, Inc. for purchase of Santa Ana, California home | Wire Fraud 18 U.S.C. § 1344 |
| 5 | December 7, 2020 | $33,000 | Wire transfer of funds from U.S. Bank account x5368 to Escrow Experts, Inc. for purchase of Santa Ana, California home | Wire Fraud 18 U.S.C. § 1344 |
| 6 | March 30, 2021 | $33,000 | Wire transfer of funds from U.S. Bank account x2541 to Escrow Experts, Inc. for purchase of Santa Ana, California home | Wire Fraud 18 U.S.C. § 1344 |
| 7 | October 3, 2025 | $944,309 | Wire transfer of funds from Chicago Title Company to Bank of America account x5672 in the name of Recycle Discounters LLC related to Santa Ana, California home | Bank Fraud 18 U.S.C. § 1344 |
| 8 | October 3, 2025 | $450,000 | Transfer of funds from Bank of America account x5672 in the name of Recycle Discounters LLC to Bank of America account x5782 in the name of Recycle Discounters LLC | Bank Fraud 18 U.S.C. § 1344 |
| 9 | October 6, 2025 | $250,000 | Wire transfer of funds from Bank of America account x5782 in the name of Recycle Discounters LLC to Applied Bank account x0115 in the name of Randazzo Investments LLC | Bank Fraud 18 U.S.C. § 1344 |

9

| 10 | October 6, 2025 | $250,000 | Wire transfer of funds from Bank of America account x5782 in the name of Recycle Discounters LLC to Wells Fargo account x1813 in the name of Randazzo Investments LLC | Bank Fraud 18 U.S.C. § 1344 |
|---|---|---|---|---|
| 11 | October 7, 2025 | $380,000 | Transfer of funds from Bank of America account x5672 in the name of Recycle Discounters LLC to Bank of America account x4994 in the name of Randazzo Investments LLC | Bank Fraud 18 U.S.C. § 1344 |
| 12 | October 14, 2025 | $498,384 | Wire transfer of funds from Wells Fargo account x1813 in the name of Randazzo Investments LLC to Pickford Escrow for purchase of Long Beach, California home | Bank Fraud 18 U.S.C. § 1344 |
| 13 | November 5, 2025 | $250,000 | Transfer of funds from Bank of America account x4994 in the name of Randazzo Investments LLC to Bank of America x1955 in the name of Randazzo Investments LLC | Bank Fraud 18 U.S.C. § 1344 |
| 14 | April 6, 2026 | $250,000 | Transfer of funds from Bank of America x1955 in the name of Randazzo Investments LLC to Bank of America x5016 in the name of Randazzo Investments LLC | Bank Fraud 18 U.S.C. § 1344 |
| 15 | April 6, 2026 | $236,250 | Transfer of funds from Bank of America x5016 in the name of Randazzo Investments LLC to Ticor Title for a loan to A.W.C. | Bank Fraud 18 U.S.C. § 1344 |

All in violation of Title 18, United States Code, Section 1957 and 2.

10

## FORFEITURE SPECIFICATION

The Grand Jury further charges:

40. The allegations of the charged offenses are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 982(a)(1); and, Title 28, United States Code, Section 2461(c). As a result of the foregoing offenses, defendant PHILIP G. RANDAZZO shall forfeit to the United States: all property, real and personal, which constitutes or is derived from proceeds traceable to the Wire Fraud offense; all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of the Bank Fraud offense; and, all property, real and personal, involved in the Money Laundering offenses, and all property traceable to such property; including, but not limited to, the following:

a.) $250,060.62 seized from Applied Bank account xxxx070115 in the name of Randazzo Investments, LLC, pursuant to the execution of a federal seizure warrant. The seizure warrant was issued by U.S. Magistrate Judge Darrell A. Clay on April 16, 2026.

b.) $50,056.81 seized from Bank of America account xxxxx1881955 in the name of Randazzo Investments, LLC, pursuant to the execution of a federal seizure warrant. The seizure warrant was issued by U.S. Magistrate Judge Darrell A. Clay on April 16, 2026.

c.) $45,323.19 seized from Bank of America account xxxxx1555016 in the name of Randazzo Investments, LLC, pursuant to the execution of a federal seizure warrant. The seizure warrant was issued by U.S. Magistrate Judge Darrell A. Clay on April 16, 2026.

d.) MONEY JUDGMENT: defendant PHILIP G. RANDAZZO shall forfeit property, including, but not limited to, a sum of money equal to: (i) the amount derived from the

11

Wire Fraud offense charged in Count 1; (ii) the amount derived from the Bank Fraud offense charged in Count 2; and, (iii) the amount involved in the Money Laundering offenses.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.